```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF MICHIGAN
                          NORTHERN DIVISION
```

JOHNNY SPICER,

        Petitioner,

                                         Case Number 07-15262
                                         Honorable Thomas L. Ludington

v.

STATE OF MICHIGAN,

        Respondent.

_____/

**OPINION & ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF MANDAMUS, VACATING FEBRUARY 22, 2008 ORDER, DENYING AS MOOT PETITIONER'S MOTION TO APPOINT COUNSEL, AND DENYING AS MOOT PETITIONER'S MOTION FOR DEFAULT JUDGMENT**

Petitioner Johnny Spicer, a state prisoner currently confined at Baraga Correctional Facility, Baraga, Michigan, has filed a *pro se* petition for writ of mandamus. Petitioner sought leave to proceed with this action without prepayment of the filing fee. The Court issued an "Order Waiving Prepayment of the Filing Fee and Directing Periodic Subsequent Payments of the Filing Fee."

I

In his petition for a writ of mandamus, Petitioner asks the Court to order the state trial court to conduct an evidentiary hearing upon his procedurally defaulted claims and to appoint him counsel. A federal court lacks jurisdiction to issue a writ of mandamus to a state court. *Haggard v. State of Tennessee,* 421 F.2d 1384, 1386 (6th Cir. 1970); *White v. Ward,* 145 F.3d 1139, 1140 (10th Cir. 1998); *Hunt v. San Jose Superior Court,* 14 Fed. Appx. 780, 781 (9th Cir. 2001). The appropriate avenue for a petitioner challenging the constitutionality of a state court conviction is to file a petition for a writ of habeas corpus. 28 U.S.C. §2254; *Haggard v. State of Tennessee,* 421 F.2d at 1386. However, Petitioner already attempted to file a second or successive petition relative

to this matter and was denied authorization by the Sixth Circuit Court of Appeals. *In re: Johnny Spicer,* No. 06-2595, (6th Cir. June 5, 2007). Therefore, Petitioner is prohibited from filing another habeas action relative to his 1983 conviction for assault with intent to commit murder and felony firearm. Nonetheless, the Court shall dismiss the petition for a writ of mandamus, as it lacks jurisdiction for the above stated reasons.

II

Given that Plaintiff's error in filing a petition for a writ of mandamus in this Court appears to have been a mistake and not the result of plaintiff engaging in frivolous or vexatious litigation[1], the Court concludes that the Order requiring Petitioner to pay the entire $350.00 filing fee should be vacated.

III

Accordingly, it is **ORDERED** that the petition for writ of mandamus and/or for writ of prohibition" [Dkt. #1] is **DISMISSED.**

It is further **ORDERED** that the February 22, 2008 Order waiving prepayment of the filing fee and directing periodic subsequent payment [Dkt. # 2] is **VACATED.**

It is further **ORDERED** that Petitioner's motion to appoint counsel" [Dkt. #3] and motion for default judgment [Dkt. # 5] are **DENIED AS MOOT.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 29, 2008

---

[1] Petitioner's filing of this petition for writ of mandamus could be perceived as his attempt to make an end run around the rules regarding second and successive habeas petitions in light of the Sixth Circuit Court of Appeals' decision to deny Petitioner authorization to file another habeas petition relative to his 1983 conviction. However, the Court will nonetheless spare Petitioner the cost of paying the $350.00 filing fee in this matter.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 29, 2008.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS